———————o———————

No. 3368.

Court of Appeal, Parish of Orleans.

LEE S. HARRISON, Agent, vs. STEPHEN DI BARTOLO.

No trial of a cause may be legally had beyond the territorial limits of the Judge before whom the cause is pending, nor can a valid judgment be rendered and signed in chambers and out of term time, unless the parties to the litigation have given their formal and expressed consent thereto.

Appeal from 29th Judicial District Court, Parish of Plaquemine.

Jas. Wilkinson, for Plaintiff and Appellant.

R. E. Hingle, for Defendant and Appellee.

MOORE, J.  On the 2nd day of May, 1903, plaintiff instituted

77

his suit against the defendant on an open account and sued out, and obtained, writs of sequestration and attachment.

On the 7th day of May, 1903, the defendant moved to dissolve both writs setting up several different grounds therefor.

On the next day the Sheriff and Ex Officio Tax Collector of the Parish of Plaquemine, the parish in which the suit was instituted, intervened in the cause claiming against defendant Sate and Parish license and taxes and to secure same asserted a lien of prior payment out of the proceeds of the sale thereof.

Defendant's motion to dissolve the writs was made returnable on the 11th of May, 1903, but that action, if any, was taken in the matter on that day the record does not advise us. Indeed it vouchsafes no information whatever as to whether the motion to dissolve or, for that matter, any other proceeding or branch of the case was ever duly set for trial or even regularly taken up and tried, unless a paper which we find in the record bearing neither filing nor certificate of any character, and which purports to be an extract from the minutes of the Court of May 30, 1903, and which recites that "this case fixed by consent was this day taken up   Present James Wilkinson of Counsel for Defendant in rule and R. Emmet Hingle of Counsel for plaintiff in rule.   Where after hearing the evidence same was by consent of Counsel submitted to be argued and judgment to be rendered out of term time and in vacation" can be considered as giving such advice and information.

We cannot accept this document as forming any part of the record; but it appears otherwise, however, that the rule was taken up and tried and Judgment rendered thereon, but that the trial was had beyond the territorial limits of the Judge's district and that the Judgment was rendered and signed out of term time, in chambers and in vacation, and all this, as the record shows, without the knowledge or consent of the intervening Tax Collector or of his legal representative the District Attorney.

This judgment which is dated in chamber July 13, 1903, dissolves the writs and reserves defendant the right to sue for damages.

Two days after the rendition of this judgment the District Attorney sued out a rule, alleging the facts above stated as to the trial and rendition of Judgment and his consenting thereto, to set the judgment aside as null and void for the reasons stated. This rule was made returnable on the 29th of June, 1903, but it was never disposed of by the lower Judge notwithstanding that the judgment rendered on the motion to dissolve did not become final until Nov. 13, 1903, it having been held up by a motion for new trial made by the plaintiff and held under advisement until that date. It is from this Judgment that the Sheriff and Ex. Officio Tax Collector, and the plaintiff respectively appeal.

It is quite clear that the whole proceedings are irregular and illegal. No trial of a cause outside of the territorial jurisdiction of the Judge before whom it is pending and no Judgment rendered and signed out of term time, is binding on the parties litigant unless their formal and express consent has been obtained therefor. Here we have seen that no amount of the Tax Collector, the intervenor in the cause, nor of his legal representative, the District Attorney, was ever obtained. Nor was he ever given the opportunity to try his rule by which the validity of the trial and the Judgment was attacked. He certainly had the right to be heard on that question having filed his rule in due time. The Judgment for these reasons must be reversed and the cause remanded.

It is therefore ordered, adjudged and decreed that the Judgment appealed from be and the same is hereby set aside, avoided and reversed and the cause remanded to the lower Court to be proceeded with according to law and the views herein expressed.

The costs of appeal to be taxed to the appellee and those of the lower Court to await final Judgment.